IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| MASSEY L. ALLEN JR., <br><br> Petitioner, <br><br> vs. <br><br> ROB JEFFREYS, Director Nebraska Department of Correctional Services; <br><br> Respondent. | 8:25CV346 <br><br> **MEMORANDUM AND ORDER** |

This matter is before the court on initial review of a Petition for Writ of Habeas Corpus filed by Petitioner Massey L. Allen Jr. ("Petitioner"), Filing No. 1, pursuant to 28 U.S.C. § 2254. Also before this Court are a motion seeking the appointment of counsel (the "Motion for Counsel"), Filing No. 4, and a motion to stay the matter as a mixed petition pursuant to *Rhines v. Weber*, 544 U.S. 269 (2005) (the "Motion to Stay"), Filing No. 5.

For the reasons that follow, the Motion for Counsel, Filing No. 4, shall be denied without prejudice to reassertion. Upon review of the Petition, Filing No. 1, and the Motion to Stay, Filing No. 5, the Court shall summarize the claims raised in the Petition but shall not complete its initial review or otherwise progress the matter until the Motion to Stay is resolved by this Court, which shall follow briefing by the parties in accordance with this Memorandum and Order.

**I. THE MOTION TO APPOINT COUNSEL**

Petitioner seeks appointment of counsel arguing that appointment is appropriate as he is unable to pay for private counsel and due to the "complex and protracted nature of [his] case" and his lack of legal knowledge. Filing No. 4 at 1.

"[T]here is neither a constitutional nor statutory right to counsel in habeas proceedings; instead, [appointment] is committed to the discretion of the trial court." *McCall v. Benson*, 114 F.3d 754, 756 (8th Cir. 1997). As a general rule, counsel will not be appointed unless the case is unusually complex or the petitioner's ability to investigate and articulate the claims is unusually impaired or an evidentiary hearing is required. *See, e.g.*, *Morris v. Dormire*, 217 F.3d 556, 558–59 (8th Cir. 2000), *cert. denied*, 531 U.S. 984 (2000); *Hoggard v. Purkett*, 29 F.3d 469, 471 (8th Cir. 1994). *See also* Rule 8(c) of the *Rules Governing Section 2254 Cases in the United States District Courts* (requiring appointment of counsel if an evidentiary hearing is warranted).

The Court finds there is no need for the appointment of counsel at this early state of the proceedings. The Motion for Counsel, Filing No. 4, shall therefore be denied without prejudice. The Court will, however, "continue to be alert to the possibility that, because of procedural complexities or other reasons, later developments in the case may show either that counsel should be appointed, or that strict procedural requirements should, in fairness, be relaxed to some degree." *Williams v. Carter*, 10 F.3d 563, 567 (8th Cir. 1993).

## II. SUMMARY OF CLAIMS AND THE MOTION TO STAY

Condensed and summarized for clarity, Petitioner's claims are:

Claim One: Petitioner received ineffective assistance of counsel because trial counsel: (a) failed to raise an adversarial, meaningful self-defense theory at trial; (b) agreed to a stipulated agreement to not disseminate written discovery materials that may have been exculpatory; (c) failed to depose and subpoena an

|  |  |
|---|---|
|  | expert witness to refute the State's forensic expert testimony ; (d) failed to depose key defense witnesses Enice Prince, Charles Smith, William Wright, Robert Drake, and Duane Montgomery; (e) failed to object during voir dire to the prosecution's use of peremptory strikes against African-Americans and other minorities within the jury pool in violation of *Batson*; (f) failed to object to the State's second amending of the information; (g) failed to seek jury instructions on sudden quarrel provocation manslaughter; (h) failed to object to the States' amending to add a habitual criminal enhancement; (i) failed to make offers of proof for Drake's testimony concerning Steen's statements to Petitioner; (j) failed to challenge the State's use of assault in the third degree as a predicate offense for manslaughter; (k) failed to renew the motion for judgment of acquittal; and (l) failed to move for a new trial. *See* Filing No. 1 at 6, 9. |
| Claim Two: | Petitioner received ineffective assistance of direct appellate counsel for failing to raise the following claims: (a) prosecutorial misconduct; (b) trial court error relating to its misinterpretation of Neb. Rev. Stat.§ 28-305(1); (c) the State's withholding of exculpatory evidence in violation of *Brady v. Maryland*; (d) prosecutorial misconduct for making false statements during opening arguments; (e) a self-defense |

|  |  |
|---|---|
|  | argument on direct appeal; (f) ineffective assistance of trial counsel due to counsel's failure to object to the State's filing of the second amended information on the day of trial; (g) ineffective assistance of trial counsel due to counsel's failure to object to instructing on sudden quarrel manslaughter; (h) ineffective assistance of trial counsel relating to counsel's failure to ensure trial court advised Petitioner of his rights during the habitual criminal enhancement proceedings. *See* Filing No. 1 at 7–8. |
| Claim Three: | The trial court erred by: (a) denying Petitioner's motion for mistrial; and (b) sentencing Petitioner to an excessive sentence. *See* Filing No. 1 at 9; *see also* Filing No. 8 at 14–16. |
| Claim Four: | The state postconviction court erred in failing to grant an evidentiary hearing on Petitioner's ineffective assistance of counsel claims. *See* Filing No. 1 at 9–10. |
| Claim Five: | The trial court erred in finding the evidence was sufficient to support Petitioner's manslaughter conviction in violation of Petitioner's Fourteenth Amendment due process rights. *See* Filing No. 1 at 12. |

After construing the claims set forth in the Petition, the Court would normally determine whether these claims, when liberally construed, are potentially cognizable in

federal court[1] and, if so, would progress this case, setting deadlines for Respondent's filing of the state court record in support of his Answer or Motion for Summary Judgment. However, as Petitioner seeks an immediate stay of the case under *Rhines*, 544 U.S. at 277, this Court declines to make such determinations without further briefing by the parties. Filing No. 5.

In his Motion to Stay, Petitioner alleges his Petition is mixed, containing both exhausted and "an unexhausted claim relating to a change in the law recently upheld by the Nebraska Supreme [Court] in *State ex rel. Hilgers v. Evnen*, 318 Neb. 803 (2025)" resulting in "a substantive change in the law that dramatically affect[s] the petitioner's conviction and sentence." *Id.* at 1 (citing *Teague v. Lane*, 489 U.S. 288 (1989)). He seeks a stay of this case while he exhausts his unexhausted claim in the state courts. *Id.*

Before a court may exercise its discretion to stay a mixed habeas petition containing exhausted and unexhausted claims to allow a petitioner to present his unexhausted claims to the state court in the first instance, and then to return to federal court for review of his perfected petition, the following prerequisites must exist:

> (1) the federal habeas petition was timely when filed (even though it would be untimely if dismissed and filed again after exhaustion);
>
> (2) the federal habeas petition presents at least one federal claim (or a portion of a federal claim) that has been exhausted, that is, the habeas petition is truly a "mixed" petition;
>
> (3) there is a plausible argument that the petitioner has an available state remedy;
>
> (4) there is "good cause" for the petitioner's failure to exhaust;

---

[1] The Court cautions Petitioner that no determination has been made regarding the merits of these claims or any defenses to them or whether there are procedural bars that will prevent Petitioner from obtaining the relief sought and this summary of claims is provided for reference only. Petitioner may move to clarify or object to this summary of claims to the extent it does not provide an adequate representation of his claims, or he may clarify his claims in his later briefings in support of the Petition or by filing a supplement to the Petition signed under penalty of perjury including a numbered list of all claims he seeks to raise

5

(5) the claims are not "plainly meritless"; and

(6) the petitioner has not engaged in "intentionally dilatory litigation tactics."

*Lotter v. Britten*, No. 4:04CV3187, 2017 WL 744554, at *3 (D. Neb. Feb. 24, 2017) (citing *Roberts v. Norris*, 526 F. Supp. 2d 926, 946-48 (E.D. Ark. 2007)).

Here, while it appears the Petition was timely filed, it is unclear whether Petitioner is able to satisfy any of the other prerequisites that would justify the exercise of this Court's discretion to grant a stay. Therefore, additional briefing is required prior to a decision on the Motion to Stay being rendered.

IT IS THEREFORE ORDERED that:

1. Upon initial review of the habeas corpus Petition, Filing No. 1, and the brief in support, the Court preliminarily summarizes the claims as referenced herein. However, in light of the Motion to Stay, Filing No. 5, the Court shall abstain from completing its initial review until the Motion to Stay is resolved.

2. Respondent shall file a response to Petitioner's Motion to Stay, Filing No. 5, on or before **September 24, 2025**, and Petitioner shall have 30 days from the date Respondent files his response, to file his reply.

3. The Motion for Counsel, Filing No. 4, is denied without prejudice.

4. Any motions seeking to extend a deadline to address the Motion to Stay must be filed in writing with this Court prior to the deadline's expiration.

5. The Clerk of the Court is directed to set a pro se case management deadline in this case using the following text: **September 24, 2025**: check for Respondent's response to the Motion to Stay.

Dated this 25th day of August, 2025.

BY THE COURT:

Joseph F. Bataillon
Senior United States District Court