IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

MASSEY L. ALLEN JR.,

                 Petitioner,

    vs.

ROB JEFFREYS, Director Nebraska
Department of Correctional Services;

                 Respondent.

**8:25CV346**

**MEMORANDUM AND ORDER**

This matter is before the Court on a Motion to Stay filed by Petitioner Massey L. Allen Jr. ("Petitioner") where Petitioner argues that a stay and abeyance of the proceedings is appropriate under *Rhines* as his Petition is "mixed," containing some claims ready for review by the Court as fully exhausted and others unexhausted but currently before the Nebraska courts. Filing No. 5. For the reasons set forth below, this Court finds that additional briefing is required to address the Motion to Stay, therefore the Court shall abstain from addressing the Motion to Stay until supplemental briefing is complete in accordance with this Memorandum and Order.

Petitioner seeks to stay the Court's consideration of the Petition until the state courts have had the opportunity to address his unexhausted claim relating to "a change in the law recently upheld by the Nebraska Supreme Court in *State ex rel. Hilgers v. Evnen*, 318 Neb. 803[, 19 N.W.3d 244] (2025)." *Id.* at 1. Respondent opposed the motion arguing in relevant part that *Rhines* is inapplicable to the Petition as the Petition is not mixed because Petitioner failed to raise any claim in his Petition relating to *Hilgers*, rendering a stay under *Rhines* inapplicable. Filing No. 11 at 3. Petitioner was ordered to supplement his Petition to include the allegedly unexhausted claim (the "New Claim"),

*see* Filing No. 13, which he did on January 26, 2026 (the "Supplement"), *see* Filing No. 16.

A federal writ of habeas corpus from an inmate in state custody shall not be granted unless: 1) the inmate has exhausted his legal remedies in the state courts; 2) state corrective processes are absent; or 3) circumstances render such processes insufficient to protect the individual's rights. 28 U.S.C. § 2254(b)(1). The exhaustion requirement is satisfied when "the federal claim has been *fairly presented* to the state courts." *Picard v. Connor*, 404 U.S. 270, 275 (1971) (emphasis added). However, where a petition contains exhausted and unexhausted claims, courts do not have to stay the federal habeas proceedings if any attempt to exhaust the otherwise unexhausted claims in the state courts is "futile." *Armstrong v. Iowa*, 418 F.3d 924, 926 (8th Cir. 2005).

Where "no state court remedy is available for the unexhausted claim—that is, if resort to the state courts would be futile—then the exhaustion requirement in § 2254(b) is satisfied, but the failure to exhaust 'provides an independent and adequate state-law ground for the conviction and sentence, and thus prevents federal habeas corpus review of the defaulted claim, unless the petitioner can demonstrate cause and prejudice for the default.'" *Armstrong*, 418 F.3d at 926 (quoting *Gray v. Netherland*, 518 U.S. 152, 162 (1996)). Procedural default is "[a] corollary" to the proper-exhaustion requisite. *Dretke v. Haley*, 541 U.S. 386, 392 (2004). A claim is expressly barred where it was raised in state court, but the state court found it precluded under an adequate and independent state procedural rule. *Dretke*, 541 U.S. at 392. A claim is impliedly barred via anticipatory procedural default where it was not raised in state court and where an adequate and independent state procedural rule, such as a limitation of time for filing, would now bar it

2

from being raised in state court.  *Id*.; *Coleman v. Thompson*, 501 U.S. 722, 731–32, 735 n.1. (1991).

As Petitioner did not address whether he has attempted to exhaust the New Claim in state courts or, if he has not, whether time remains in which to do so, it is unclear whether the new Claim is unexhausted or exhausted via the anticipatory procedural default doctrine.  In the interest of justice, the Court shall order the parties to provide additional briefing *only* on the issue of exhaustion and procedural default as to the New Claim.

IT IS THEREFORE ORDERED that:

1.  Respondent shall file a supplemental brief no later than **March 20, 2026**, limited to addressing procedural default and exhaustion relating to Petitioner's New Claim as set forth in Petitioner's Supplement.

2.  Petitioner shall file and serve a brief in response not later than 30 days following Respondent's supplemental briefing.  Petitioner's supplemental briefing shall only address the issue of exhaustion and procedural default regarding the New Claim.

3.  The Clerk of the Court is directed to set a pro se case management deadline in this case using the following text: **March 20, 2026**: check for Respondent's supplemental brief.

Dated this 18th day of February, 2026.

BY THE COURT:

Joseph F. Bataillon
Senior United States District Judge

3